UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
FLORIDA TAMPA DIVISION

CASE NO. 8:25-cv-00191-SDM-CPT

MWBY, LLC,

      Plaintiff,

v.

KCS INTERNATIONAL, INC.,
BRUNSWICK CORPORATION; and
MARINEMAX EAST, INC.,

      Defendants.

_____/

### DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants KCS International, Inc., doing business as Cruisers Yachts ("Cruisers"), Brunswick Corporation, through its division Mercury Marine ("Mercury Marine"), and MarineMax East, Inc. ("MarineMax East"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby file this Joint Motion to Dismiss Plaintiff MWBY, LLC's ("MWBY" and/or "Plaintiff") Complaint, respectfully requesting that the Court dismiss this matter. As explained below, the Complaint fails to state a cause of action for warranty as to Defendants Cruisers and Mercury as no privity is alleged. Plaintiff's claim for breach of warranty also fails as to Cruisers as in addition to no

privity, the only alleged issue remaining revolves around the Vessel's engines, which are expressly disclaimed from the Cruisers' Express Limited Warranty. Similarly, that remaining allegation revolves solely around purported marine growth in the engine that was obstructing the cooling system—notably, marine growth conditions blocking the cooling system are disclaimed from the Mercury Marine Express Limited Warranty. As to MarineMax East, the Purchase Agreement which is attached to and therefore incorporated into the Complaint specifically disclaims all warranties, both implied and express. Furthermore, the Complaint is a quintessential shotgun pleading that improperly lumps all Defendants together and prevents each respective Defendant from knowing what it individually is being accused of, again warranting dismissal. In support of this Motion, the Defendants state the following:

## INTRODUCTION

In the Fall of 2023, Plaintiff MWBY purchased a Cruisers'-manufactured recreational marine vessel from dealer MarineMax East, and that came equipped with engines manufactured by Mercury Marine. Despite using the boat for over a year, Plaintiff identified only three problems in its Complaint, and acknowledged that two of them have been fixed. As such, the only remaining issue complained of by Plaintiff involves limited marine growth purportedly affecting one of the engines, an issue that would be explicitly disclaimed by Cruisers' Express Limited Warranty

2

as the engines have their own separate limited warranties. Likewise, Mercury Marine's Express Limited Warranty disclaims problems stemming from marine growth or other foreign bodies in the engines that impedes the cooling system. Despite this (and the fact that Plaintiff used the vessel for over a year), Plaintiff has now brought this lawsuit against Cruisers, Mercury, and MarineMax East, asserting a wide-range of warranty- based claims that all must fail due to clearcut application of both Florida and federal law, including the lack of privity, enforceable disclaimers of warranty, and failure to state a claim.

## ALLEGATIONS OF COMPLAINT

MWBY purchased the Vessel from Defendant MarineMax East on or about September 29, 2023. *See* Compl. at ¶ 11; *see also* Ex. A to the Compl. (the "Purchase Agreement"). The Vessel was manufactured by Defendant Cruisers. *See* Compl. at ¶ 11. Equipment on the Vessel includes three engines bearing serial numbers 3B275258, 3B275259, and 3B275310 manufactured by Defendant Mercury Marine. *See* Compl. at ¶ 14; *see also* Ex. A to Compl. MWBY took possession of the Vessel on or about November 1, 2023. *See* Compl. at ¶ 18. Over the course of the following months, MWBY allegedly experienced the following three problems: an electrical issue leading to battery drainage; a loss of steering and engine cooling issue during the summer of 2024; and coolant system problems in the starboard engine due to marine growth. *See* Compl. at ¶¶ 19-21. Based on Plaintiff's allegations, the first two

3

issues were addressed and rectified and/or fixed. *See* Compl. at ¶ 19-20 ("The Dealer replaced the main control panel, which seemed to rectify the issue… After several weeks at Dealer's facility, Dealer seemingly identified and fixed those issues and returned the Yacht…").

The only remaining allegation identified by the Complaint that, by the pleading's own allegations, has not been remedied is the "coolant system problem[] with the starboard engine" which is attributed to "whole seashells present inside the engines' coolant systems…" *See* Compl. at ¶ 21. The Purchase Agreement entered into between MWBY and MarineMax East includes disclaimers of all warranties, both express and implied. *See* Ex. A to Compl. Moreover, the Cruisers Express Limited Warranty, which is also an exhibit to the Complaint, includes a disclaimer of "WHAT IS NOT COVERED" by the Cruisers Express Limited Warranty, including the following: "(d) Components manufactured by another manufacturer including, but not limited to, engines…" *See* Ex. C to Compl. The Mercury Marine Express Limited Warranty, a copy of which is included as an exhibit to the Complaint, features a section entitled "Disclaimers, Limitations and Waivers," and included within that section is a list of "What is Not Covered." *See* Ex. D to Compl. at p. 5. In that list of items explicitly not covered is a reference to the very issue described here: "insufficient cooling water caused by blockage of the cooling system by a foreign body…" *See id.* at p.6. On or about November 28, 2024 (and over a

4

year after accepting delivery), MWBY demanded rescission, and this lawsuit ensued. *See* Compl. at ¶ 27.

## **LEGAL STANDARD FOR A MOTION TO DISMISS**

A Rule 12(b)(6) motion questions the legal sufficiency of a pleading. In ruling on a Rule 12(b)(6) motion, this Court can assume that all of the factual allegations set forth in the four corners of the complaint are true. *See, e.g., U.S. v. Gaubert*, 499 U.S. 315, 327 (1991); *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."). A complaint "does not need detailed factual allegations," but the allegations "must be enough to raise a right to relief above the speculative level." *Id*.

## ARGUMENT

### A. The Implied Warranty Claims Must Fail Against Cruisers and Mercury for Lack of Privity (Counts I, V, VI, & VIII)

Plaintiff's implied warranty claims must fail against Cruisers and Mercury as there is no privity with either entity. In Florida, "[a] warranty, whether express or implied, is fundamentally a contract." *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1210 (M.D. Fla. 2002) (applying Florida law); *see also Melton v. Century Arms, Inc.*, 243 F. Supp. 3d 1290, 1303-1304 (S.D. Fla. 2017) (granting motion to dismiss as to implied warranty claim because of lack of privity); *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1266 (N.D. Fla. 2012) (discussing the "privity requirement" as "to recover for the breach of a warranty, either express or implied, the plaintiff must be in privity of contract with the defendant.") (*citing T.W.M. v. Amer. Med. Sys., Inc.*, 886 F. Supp. 842 (N.D. Fla. 1995)); *Yvon v. Baja Marine Corp.*, 495 F. Supp. 2d 1179, 1183 (N.D. Fla. 2007) ("an implied warranty cannot exist where there is no privity of contract"). The MMWA "establishes federal standards in respect of both consumer implied warranties and written warranties." *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1266 (N.D. Fla. Oct. 1, 2012).[1] Privity is normally also required for an express warranty claim. *See, e.g., Borchardt v. Mako Marine Int'l,*

---

[1] The MMWA is "virtually silent with respect to the imposition of requirements on manufacturers or sellers who issue a 'limited' warranty." *Ocana v. Ford Motor Co.*, 992 So. 2d 319, 323 (Fla. Dist. Ct. App. 2008); *Cerasani v. Am. Honda Motor Co.*, 916 So. 2d 843, 845 (Fla. Dist. Ct. App. 2005). "Therefore, the question whether a warrantor has committed a breach of a limited express warranty under the [MMWA] is governed by state law." *Ocana*, 992 So. 2d at 323.

*Inc.*, Case No. 08-61199- CIV, 2011 WL 2084177, *1-2 (S.D. Fla. May 24, 2011) ("Because privity is necessary for an express warranty claim and plaintiffs… do not allege any facts establishing privity, the express warranty claim set forth... shall be dismissed"). However, Florida federal courts often find that a claim for *express warranty under the Magnuson-Moss Warranty Act* does not require privity despite state law express warranty claims requiring said privity. *See, e.g.*, *Fed. Ins. Co. v. Lazzara Yachts of N. Amer., Inc.*, No. 8:09-cv-607, 2010 WL 1223126, at *6 (M.D. Fla. Mar. 25, 2010); *but see Thurn v. Kimberly-Clark Corp.*, No. 8:22-cv-2526, 2023 WL 4455630, at *2-4 (M.D. Fla. July 11, 2023) (granting motion to dismiss due to lack of privity as to both express and implied warranty claims).

Privity is not created where a manufacturer's warranty is passed to an owner from an authorized dealer. *See Mesa v. B.M.W. of N Am. LLC*, 904 So. 2d 450, 458 (Fla. 3d DCA 2005) (noting that a plaintiff "cannot recover economic losses for breach of an implied warranty in the absence of privity."); *Tolliver v. Monaco Coach Corp.*, Case No. 8:06-CV-856, 2006 WL 1678842, *2 (M.D. Fla. June 15, 2006) ("[A] plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant."). In *Mesa*, the plaintiff leased a vehicle, covered by the manufacturer's limited warranty, from an authorized dealer. The court found that a manufacturer's written warranty does not create privity between a manufacturer and a purchaser who did not make the purchase directly

7

from the manufacturer. *See id.*; *see also Bailey v. Monaco Coach Corp.,* 168 Fed. Appx. 893, 894 n.1 (11th Cir. 2006) ("Under Florida law, privity of contract is an essential element of a claim for breach of implied warranty."); *West v. Caterpillar Tractor Co.,* 336 So. 2d 80 (Fla. 1976).

Indeed, "[p]rivity is required even if suit is brought against a manufacturer." *Tolliver,* 2006 WL 1678842, at *4; *Mesa,* 904 So. 2d at 459. The requirement of privity under Florida law is equally applicable to implied warranty claims under the MMWA or Florida statutes. *Ocana,* 992 So. 2d at 325; *Cerasani,* 916 So. 2d at 847 (the MMWA "does not supersede state law privity requirements for implied warranty claims, and pursuant to Florida law, a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity") (citations omitted); *Gill v. Blue Bird Body Co.*, 147 Fed. Appx. 807, 810 (11th Cir. 2005).

The evidence fails to establish privity between MWBY and either Cruisers or Mercury in any respect, nor is privity even alleged. As in *Mesa*, the manufacture and mere issuance of a written warranty does not create privity for purposes of an implied warranty claim where the plaintiff did not purchase the property directly from Cruisers or Mercury. *See Mesa*, 904 So. 2d at 458. Rather, Plaintiff simply alleges that it purchased the Vessel from MarineMax East. *See* Complaint at ¶ 11. A mere purchase through an authorized dealership does not establish privity. *See David v. Amer. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1322 (S.D. Fla. 2009); *see also*

8

*Inouye v. Adidas Amer., Inc.*, No. 8:22-cv-416, 2023 WL 2351654, at *8-9 (M.D. Fla. Mar. 3, 2023) ("Because the Court has found that there is no privity between Mr. Inouye and Adidas, and that the 'substantial direct contacts' exception does not apply, Mr. Inouye has not stated a cognizable claim for a breach of either express or implied warranty… Mr. Inouye's warranty claims are due to be dismissed without prejudice.").[2] Thus, given the absence of privity of contract between MWBY and either Cruisers or Mercury, MWBY's claims against Cruisers and Mercury for a violation of Magnuson-Moss Warranty Act (Count I), and implied warranties (Counts V, VI, & VIII), all fail to state a claim to the extent that they are seeking enforcement of implied warranties and should be dismissed with prejudice.

### B. The Rescission and Revocation Claim Against Cruisers and Mercury Must Fail for Lack of Privity (Count VII)

Plaintiff's Rescission and Revocation claim must fail against Cruisers and Mercury as there is no privity with either Cruisers or Mercury. Much like a claim for breach of warranty, claims for rescission and revocation similarly require privity. *See, e.g., Powers v. Lazy Days RV Ctr., Inc.*, No. 8:05-cv-1542, 2006 WL 373011,

---

[2] None of the narrow exceptions to the privity rule apply in this case. Case law has made it clear that invoking the words "agency" is insufficient to evade the privity requirement. *See Ocana v. Ford Motor Co.*, 992 So.2d 319, 325-326 (Fla. 3d DCA 2008). There are no allegations of intended third-party beneficiaries, nor would they be applicable. *See, e.g., Leon v. Continental AG*, No. 16-20572-CIV, 2017 WL 8180721 at *14 (S.D. Fla. Mar. 17, 2017) (noting that "[a] claim for a breach of implied warranty under a third-party beneficiary theory, if it exists, does not arise from the conclusory assertion that Plaintiffs were 'the intended third-party beneficiaries of contracts between Defendants and its dealers.'). Similarly, MWBY does not allege direct communications from Cruisers or Mercury to MWBY prior to the purchase of the Vessel.

at *3 (M.D. Fla. Feb. 16, 2006) ("Under Florida law, a buyer may not maintain a 'revocation of acceptance' claim against a non-selling, non-privity vehicle manufacturer."); *Garcia v. Thor Motor Coach, Inc.*, No. 16-20230-CIV, 2017 WL 7792717, at *3- 4 (S.D. Fla. July 5, 2017) (noting that no privity was alleged as "Thor simply did not sell the RV to Garcia under *any* contract…" and "[t]herefore, Thor is not a proper party defendant to Garcia's rescission claim, and the Amended Complaint against it must be dismissed with prejudice."). As discussed above in Section A, privity is not alleged against either Cruisers or Mercury. Accordingly, dismissal of this Count against both Cruisers and Mercury (Count VII) is appropriate.

### C. MarineMax East Disclaimed All Warranties (Counts I, IV, V, VI, & VII)

As represented in the Purchase Agreement, MarineMax East did *not* provide any written warranty to Plaintiff in the sale of the Vessel. Moreover, MarineMax East fully and properly disclaimed any and all warranties, both express and implied, in the Purchase Agreement. There is no basis for these claims against MarineMax East and they should be dismissed.

A seller is entitled to exclude warranties, both express and implied, at the time of sale. *See Fla. Stat.* 672.316; *Ocana,* 992 So. 2d at 324 (finding that clear and conspicuous disclaimer of all warranties by dealership combined with lease of vehicle in "as is" condition foreclosed breach of express and implied warranties

10

claims against dealer). In order for the disclaimer in the Purchase Agreement to properly effectuate disclaimer of all warranties, it must satisfy two factors: (1) whether the particular disclaimer provision used the word 'merchantability'; and (2) whether the disclaimer provision is "conspicuous." The Warranty Disclaimer in the Purchase Agreement satisfies both factors.

In bold-face capital letters in the Purchase Agreement, MarineMax East includes a separate paragraph titled "**DISCLAIMER OF WARRANTIES**" (the "Warranty Disclaimer"). Ex. A at p. 3, ¶ 2 (emphasis in original). The Warranty Disclaimer states that MarineMax East's sale of the subject boat was "AS IS." Ex. A at p. 3, ¶ 2. In bold-face capital letters, the Warranty Disclaimer plainly disclaimed any and all warranties, including the implied warranty of merchantability, on behalf of seller MarineMax East:

> **THE BOAT, MOTOR AND ACCESSORIES BEING PURCHASED PURSUANT TO THIS AGREEMENT ARE SOLD BY SELLER "AS IS"AND SELLER MAKES NO WARRANTIES ON ITS OWN BEHALF, EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE,** unless Seller gives Buyer a written warranty on its own behalf or Seller enters into a service contract in connection with this sale or within 90 days of sale. If Seller gives Buyer a written warranty on its own behalf or Seller enters into a service contract in connection with this sale or within 90 days of sale, than any implied warranties shall be limited in duration to the duration of Seller's written warranty or service contract. **SELLER DISCLAIMS AND SHALL NOT BE LIABLE FOR CONSEQUENTIAL, INCIDENTAL, OR INDIRECT DAMAGES OF ANY**

> NATURE, EXCEPT AS SET FORTH HEREIN, ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING IMPLIED WARRANTIES OF FITNESS AND MERCHANTABILITY, ARE EXPRESS EXCLUDED AND DISCLAIMED TO THE MAXIMUM EXTENT PERMITTED BY LAW, THE RIGHTS AND REMEDIES DESCRIBED HEREIN SHALL BE THE SOLE AND EXCLUSIVE REMEDY AGAINST SELLER. NO OTHER REMEDIES ARE AVAILABLE TO BUYER, INCLUDING BUT NOT LIMITED TO, REVOCATION OR ACCEPTANCE AND RECISSION. BUYER AGREES NO OTHER REMEDIES ARE AVAILABLE TO BUYER, INCLUDING BUT NOT LIMITED TO, REVOCATION OF ACCEPTANCE AND RESCISSION.

Ex. A at p. 3, ¶ 2 (emphasis in original). Plaintiff's Complaint does not address these disclaimers. The Warranty Disclaimer in the Purchase Agreement satisfies both requirements of a valid disclaimer. First, a disclaimer provision must be "conspicuous." Fla. Stat. §§ 671.201(10), 672.316. Here, the second page Warranty Disclaimer constitutes a "conspicuous" disclaimer under Florida law. Under similar facts, the Third District Court of Appeal determined that a reverse side warranty disclaimer, which appeared in all capital letters and was set forth in a separate paragraph titled 'Disclaimer of Warranties,' was conspicuous. *Rudy's Glass Const. Co. v. E. F. Johnson Co*., 404 So. 2d 1087, 1090 (Fla. 3d DCA 1981). The Third DCA found that "[t]he reference on the front of the document to terms and conditions stated on the back, when coupled with the separate paragraph titled, 'Disclaimer of Warranties,' and the contrasting type" was conspicuous, and thus held the disclaimer was legally effective to exclude all warranties. *Id*. at 1090. Like

the reverse side warranty disclaimer examined by the *Rudy's* court, the Warranty Disclaimer here is in all capital letters in a separate paragraph entitled "Disclaimer of Warranties." Ex. A at p. 3, ¶ 2.

Second, a seller must use "the word 'merchantability' in order to effectively exclude an implied warranty of merchantability." *McCormick Mach., Inc. v. Julian E. Johnson & Sons, Inc.*, 523 So. 2d 651, 654 (Fla. 1st DCA 1988). Here, the second requirement of a valid disclaimer of the implied warranty of merchantability is satisfied because MarineMax East included the word 'merchantability' in its Warranty Disclaimer. MarineMax East properly and conspicuously disclaimed all express and implied warranties, including the implied warranty of merchantability. Federal courts, including in the Eleventh Circuit, have previously found similar exclusions from MarineMax East and other MarineMax-related entities to be enforceable. *See, e.g., Stephen V. Fuller v. MarineMax, Inc., et. al.*, No. 0:18-cv-61389, Southern District of Florida, Report and Recommendation, *see* [ECF No. 23] (Sept. 25, 2018) (in granting a motion to dismiss, Court's Report and Recommendation orders that the "Plaintiff shall amend his warranty-based claims such that they are only brought against [the manufacturer] as neither MarineMax nor MarineMax East, Inc. issued an express warranty, and all implied warranties were sufficiently disclaimed."); *see also Wilson v. MarineMax East, Inc.*, 303 F.Supp.3d 1343, 1357-1365 (N.D. Ga. 2018).

13

The disclaimer is conspicuously made in bold-faced type and all capital letters as required to be effective. Thus, because there is no MarineMax East warranty, Plaintiff's claims against MarineMax East for breach of warranty, pursuant to both the MMWA and Florida law (Counts I, IV, V, VI, & VIII) must be dismissed with prejudice.

### D. No Actionable Breach Alleged Against Cruisers (Counts I, IV, V, VI, VII, & VIII)

As discussed in the Allegations of the Complaint section, the Complaint only identifies three problems that the Vessel has had, and the first two of which have—by the Complaint's own admissions—been remedied. *See* Compl. at ¶¶ 19-20. The only remaining issue which has not been fixed, according to the Complaint, is the "coolant system problems with the starboard engine." *See* Compl. at ¶ 21. The Complaint describes this issue, which is referenced as the "fatal defect" that apparently justifies Plaintiff's recission claims, as being an engine issue where "whole seashells [are] present inside the engines' coolant systems, which severely damaged the motors when the shells break apart into sharp pieces." *See* Compl. at ¶ 21. The Cruisers' Express Limited Warranty explicitly and clearly disclaims any issues involving "(d) Components manufactured by another manufacturer including, but not limited to, engines…" *See* Ex. C to Compl. As such, MWBY has not stated any actionable claim for breach of warranty against Cruisers, and such claims must be dismissed.

14

### E.    No Actionable Breach Alleged Against Mercury Marine (Counts I, IV, V, VI, VII, & VIII)

The sole remaining issue alleged with the Vessel is, as described above, the "coolant system problems with the starboard engine…" where "whole seashells [are] present inside the engines' coolant systems, which severely damaged the motors when the shells break apart into sharp pieces." *See* Compl. at ¶ 21. The Mercury Marine Express Limited Warranty explicitly and clearly disclaims any issues involving "insufficient cooling water caused by blockage of the cooling system by a foreign body…" *See* Ex. D to Compl. at p. 6. Similarly, the Mercury Marine Limited Corrosion Warranty (which also appears in the Exhibits to the Complaint) references a similar exclusion of any "[d]amage due to marine growth…" *See* Ex. D to Compl. at p. 7. As such, MWBY has not stated any actionable claim for breach of warranty against Mercury Marine as the damage complained of—namely marine growth blocking the cooling system—is expressly excluded in the Mercury Marine Express Limited Warranty, and such claims must therefore be dismissed.

### F.    The Complaint is a Shotgun Pleading (Counts I, II, III, IV, V, VI, VII, & VIII)

Plaintiff fails to allege sufficient facts in support of its claims against the individual Defendants. Plaintiff's Complaint is often nothing more than a compilation of conclusory allegations and unfounded legal conclusions and does not meaningfully delineate the conduct of one individual Defendant over another,

despite the fact that Cruisers is a boat manufacturer, Mercury is an engine manufacturer, and MarineMax East is a boat dealer that are engaged in different businesses with distinct operations and separate employees. As a prime example of many throughout the Complaint, Count VI is styled as "Breach of Implied Warranty of Fitness for Particular Purpose *Against Dealer*". *See* Unnumbered Count Title before Paragraph 79 (emphasis added). However, the Wherefore clause states that "Plaintiff prays judgment against *Defendants* as follows…" *See* Compl. at Unnumbered Wherefore Clause after Paragraph 86 (emphasis added).

Similarly, it is unclear which warranties and contracts are being alleged to have been breached by which Defendant in numerous of the counts.

As such, with difficult to follow references that combine the distinct parties as vague references to "Defendants," the Complaint is a shotgun pleading that fails to put the individual Defendants on notice of their alleged conduct and make it difficult for any Defendant to answer with any accuracy. The counts themselves aver few facts and often fail to sufficiently distinguish amongst the conduct of the Defendants or which contracts and/or warranties are at issue. *See Cook v. Randolph County*, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Due to the factual overlap of the allegations and the failure of multiple of the counts to differentiate among the Defendants, "it is virtually impossible to know which

16

allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of Trustees of Central Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).[3] The Complaint is therefore due to be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court dismiss Plaintiff's Complaint, and grant any and all such other relief that this Court may deem just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for the Defendants conferred with Plaintiff regarding the requested relief in a telephone conference on January 30, 2025 between Plaintiff's counsel Geoffrey M. Cahen and Defendants' counsel Charles Wolf. Plaintiff opposes the Defendants' Joint Motion.

---

[3] *See also George & Co. v. Alibaba.com, Inc.,* No. 2:10-cv-719-FtM- 29DNF, 2011 U.S. Dist. LEXIS 143365, at *5-6 (M.D. Fla., Dec. 13, 2011) (dismissing complaint where plaintiff "fail[ed] to distinguish [the Defendants'] misconduct"); *Lane v. Capital Acquisitions & Mgmt., Co.,* No. 04-60602, 2006 U.S. Dist. LEXIS 96422, at *15 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct," a complaint fails to satisfy the minimum requirements of Rule 8.); *Zike, LLC v. Catalfumo*, No. 12-80236-CIV, 2013 WL 12080225 (S.D. Fla. Feb. 22, 2013) (dismissing complaint for failing to satisfy the pleading requirements of Fed. R. Civ. P. 8(a) and noting that "[Plaintiff] uses the collective term 'Defendants' throughout" and that "[t]he allegations fail to give adequate notice to each Defendant as to what each one allegedly did wrong.").

Dated:  February 4, 2025

Respectfully submitted,

**K&L Gates LLP**
*Counsel for Defendants MarineMax East, Inc., Mercury Marine, a division of Brunswick Corporation, and KCS International, Inc., doing business as Cruisers Yachts*
Christina M. Paul, Esq.
Florida Bar No. 596876
christina.paul@klgates.com
Charles F. Wolf, Esq.
Florida Bar No. 99227
charles.wolf@klgates.com
200 S. Biscayne Boulevard, Suite 3900
Miami, FL 33131-2399
Telephone:	305-539-3300
Facsimile:	305-358-7095
Email: laureen.reyes@klgates.com
Email: docketing.east@klgates.com


By:  /s/  Christina M. Paul

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 4th day of February, 2025.

/s/  *Christina M. Paul*
Christina M. Paul

Geoffrey M. Cahen, Esq.
Geoff@cahenlaw.com
**CAHEN LAW, P.A.**
1900 Glades Rd., Suite 270
Boca Raton, FL 33431
Telephone:  561.922.0430
*Counsel for Plaintiff*