UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MWBY, LLC,

    Plaintiff,

v.                                                        CASE NO. 8:25-cv-191-SDM-CPT

MARINEMAX EAST, INC., et al.,

    Defendants.
_____/

## ORDER

    Alleging defects in a yacht purchased from MarineMax East, Inc., MWBY, LLC, sues (Doc. 16) KCS International, Inc.; Brunswick Corporation; and MarineMax. The defendants remove (Doc. 1) this action and move (Doc. 17) to dismiss. The motion argues (1) that MWBY's claims for breach of implied warranty, rescission, and revocation fail for lack of privity; (2) that the purchase agreement disclaimed all warranties; and (3) that MWBY fails to state a claim for breach of warranty. MWBY responds (Doc. 18) in opposition. (The response, filed in twelve-point Times New Roman, violates Local Rule 1.08, which requires at least fourteen-point Times New Roman. An order will strike any future non-compliant paper.)

## BACKGROUND

    MarineMax East sells Cruiser yachts. MarineMax, Inc., owns KCS International, which manufactures Cruisers yachts. The Brunswick Corporation manufactures Mercury Marine boat engines. On September 29, 2023, MWBY purchased

from MarineMax a new 2024 Cruiser yacht for $2,118,119.42. The yacht came with three Mercury Marine engines. MWBY purchased from MarineMax two additional "service contracts" for the yacht. The yacht came with a limited express warranty from Cruisers for the yacht and a limited express warranty from Mercury Marine for the engines.

During the summer of 2024, the yacht "experienced loss of steering and engine cooling issues," which the defendants "identified and fixed." Sometime after the repairs, the yacht again "experienced coolant system problems with the starboard engine." MarineMax "brought the Yacht to [MarineMax's] Dania, Florida location, at which point Manufacturer-authorized personnel discovered whole seashells present inside the engines' coolant systems, which severely damaged the motors when the shells break apart into sharp pieces." After several repair attempts, the defendants were "unable to devise a suitable repair for the Yacht." On November 18, 2024, MWBY demanded rescission of the purchase agreement. The defendants failed to respond to the demand.

## DISCUSSION

To recover the breach of an implied warranty, a plaintiff must have privity of contract with the manufacturer. *Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 458 (Fla. 3d DCA 2005). However, a plaintiff can establish privity as a "third-party beneficiary" or under the "agency theory." *Boddison v. Gen. Motors LLC*, 2021 WL 2685770, at *1 (M.D. Fla. June 30, 2021) (Jung, J.). "For a third-party beneficiary claim to succeed, '[t]he contracting parties' intent to benefit the third party must be

specific and must be clearly expressed in the contract in order to endow the third party beneficiary with a legally enforceable right.'" *Boddison*, 2021 WL 2685770, at *1 (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 982–83 (11th Cir. 2005)). The complaint alleges (Doc. 16 ¶ 21) that MWBY was an "intended beneficiary." Also, privity is not required for a claim under the Magnuson-Moss Warranty Act. *Badawi v. Brunswick Corp.*, 2022 WL 613807, at *2 (M.D. Fla. Mar. 2, 2022) (Barber, J.) (collecting cases). At this stage, MWBY's allegations sufficiently allege privity.

MarineMax argues (Doc. 17 at 11–14) that because the purchase agreement contains a conspicuous waiver of both express and implied warranties, MWBY cannot prevail on a claim for breach of warranty. The "disclaimer" states (Doc. 16 at 21) that the boat and motor are sold "as is" and that MarineMax "makes no warranties on its own behalf, express or implied, including the implied warranties of merchantability and fitness for a particular purpose, unless [MarineMax] gives [MWBY] a written warranty on its own behalf or [MarineMax] enters into a service contract in connection with this sale or within 90 days of sale" (emphasis omitted). The complaint alleges that the purchase agreement for the yacht included two "service contracts." An acknowledgment (Doc. 16 at 23, 32) of both "service contracts" appears on MarineMax letterhead. MWBY sufficiently alleges that the "service contracts" purchased from MarineMax make the purchase agreement's "disclaimer" inoperative.

Finally, the defendants argue that the complaint fails to state a claim for breach of warranty. Cruisers argues (Doc. 17 at 14–15) that because the express

limited warranty (Doc. 16 at 33) excludes "engines" from the warranty, MWBY cannot maintain a breach of warranty claim against Cruisers. Mercury Marine argues (Doc. 17 at 15–16) that the "limited corrosion warranty" (Doc. 16 at 40) excludes "[d]amage due to marine growth." MWBY argues (Doc. 18 at 10) that the damage to the yacht's engine was caused by a "design defect" not covered by either warranty disclaimer. The complaint alleges sufficient facts to state a claim for breach of warranty. Determination of whether the engine damage is covered by either Cruisers' or Mercury Marine's warranties must await a more developed record.

## CONCLUSION

If "viewed in the light most favorable" to MWBY and if all inferences are "drawn in favor" of MWBY, each count in the complaint sufficiently alleges a claim for relief. For these reasons and the reasons stated in the response (Doc. 18), the motion (Doc. 17) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on June 30, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE